UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

STORM DAMAGE SOLUTIONS, LLC D/B/A
SMART TARP A/A/O STERLING FOODS, INC.,

      Plaintiff,

vs.

RLI INSURANCE COMPANY,

      Defendant.

_____/

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Defendant RLI Insurance Company[1], ("RLI" or "Defendant") by and through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division, the district and division in which the 11th Judicial Circuit is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446.  In support hereof, RLI respectfully shows:

1.      On August 22, 2023, Plaintiff Storm Damage Solutions, LLC d/b/a Smart Tarp a/a/o Sterling Foods, Inc. ("Plaintiff") commenced an action against RLI in the 11th Judicial Circuit Court in Miami-Dade County, Florida, entitled *Storm Damage Solutions, LLC d/b/a Smart Tarp a/a/o Sterling Foods, Inc. v. RLI Insurance Company*, pending as Case No. 2023-021733-CA-01 (the "State Court Case").

---

[1] RLI Insurance Company ("RLI") is an incorrectly named and improperly sued Defendant. RLI is Mt. Hawley Insurance Company's parent company. Mt. Hawley is the entity that underwrote and issued the subject Policy and is the proper Defendant to be named in this case. To the extent necessary, Mt. Hawley consents to this removal and anticipates being substituted into this case by stipulation of the Parties in future.

2.      On August 28, 2023, RLI was served with a copy of the Complaint ("Complaint") in the State Court Case.  *See* **Exhibit B**.  As such, removal is timely because thirty (30) days have not elapsed since RLI first received Plaintiff's Complaint, as required by 28 U.S.C. § 1446(b).

3.      A copy of this Notice of Removal will be filed with the 11th Judicial Circuit Court in Miami-Dade County, Florida, and a copy of this Notice of Removal will also be served on Plaintiff. RLI is, contemporaneously herewith, giving written notice of the instant filing to the clerk of the 11th Judicial Circuit Court in Miami-Dade County, Florida.

4.      The following exhibits are being filed with this Notice of Removal:

**Exhibit A**      An index of matters being filed;

**Exhibit B**      All pleadings asserting causes of action and answers thereto;

**Exhibit C**      All executed process in the State Court Case;

**Exhibit D**      State Court Case Docket sheet;

**Exhibit E**      Plaintiff's Invoice for $108,384.00;

**Exhibit F**      List of all counsel of record and contact information.

5.      Plaintiff has requested a trial by jury in the State Court Case.

6.      RLI has filed contemporaneously with this Notice a civil cover sheet.

## Ground for Removal:  Diversity

7.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000 and is between citizens of different States.

**A.      The amount in controversy exceeds the federal minimum jurisdictional requirements.**

8.      Plaintiff's Complaint in the State Court Case contends that it contracted with RLI's insured Sterling Foods, Inc. ("Insured") to provide certain services to the Insured's property located at 13100 NW 38th Avenue, Opa Locka, FL 33054 (the "Property"), which was allegedly damaged on

or about November 8, 2020 during Tropical Storm Eta. *See* **Exhibit B**, Complaint ¶¶ 6-12. Plaintiff

asserts that it is entitled to payment by RLI, as is the Insured for its own damages, under a policy of

property insurance issued by RLI, Policy No. MPC0100532 (the "Policy").  Prior to the lawsuit, RLI

received Plaintiff's Invoice for services in the amount of $108,384.00. *See* **Exhibit E**, Invoice. *Id.*

Plaintiff alleges that RLI breached the Policy by failing to pay its Invoice for the services allegedly

provided to the Insured.  *See* **Exhibit B**, Complaint ¶¶ 16-19.

9.       For these reasons, the amount in controversy exceeds $75,000, exclusive of interest

and costs.

**B.       There is complete diversity between Plaintiff and Defendant.**

10.       For purposes of determining diversity, a limited liability company is a citizen of any

state of which a member of the company is a citizen.  *Rolling Greens MHP, L.P. v. Comcast SCH*

*Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

11.       Plaintiff Storm Damage Solutions, LLC d/b/a Smart Tarp is a Florida limited

liability company whose members include, Stephan Fineran and Jennifer Fineran who are residents

and citizens of Florida.  Thus, Plaintiff Storm Damage Solutions, LLC d/b/a Smart Tarp is a citizen

of the State of Florida, and not a citizen of the State of Illinois.

12.       Defendant RLI is incorporated in the State of Illinois, with its principal place of

business in Illinois.[2]  Accordingly, RLI is a citizen of the State of Illinois for purposes of determining

diversity jurisdiction, and RLI is not a citizen of the State of Florida.

13.       Complete diversity exists in this case and removal is proper because Plaintiff is a

citizen of Florida and RLI is a citizen of Illinois.

---

[2] Mt. Hawley is also incorporated in the State of Illinois with its principal place of business in Illinois.  Therefore, when Mt. Hawley is substituted for RLI as the properly named defendant, diversity jurisdiction will continue to exist.

WHEREFORE, Defendant RLI Insurance Company prays that the above-described action now pending in the 11th Judicial Circuit Court in Miami-Dade County, Florida, be removed to this Court.

Respectfully submitted,

/s/ Marcus G. Mahfood
Marcus G. Mahfood / FBN: 41495
CHARTWELL LAW
100 SE 2nd St., Suite 2150
Miami, FL 33131-2137
Tel: 305-372-9044
Fax: 305-372-5044
mmahfood@chartwelllaw.com

**ATTORNEY FOR RLI INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served on all counsel of record in accordance with the Federal Rules of Civil Procedure, on this 27th day of September 2023.

/s/ Marcus G. Mahfood
Marcus G. Mahfood