UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-CV-23681-SCOLA/GOODMAN

STORM DAMAGE SOLUTIONS, LLC
d/b/a SMART TARP a/a/o
STERLING FOODS, INC.,

    Plaintiff,

v.

RLI INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

RLI Insurance Company ("RLI" or "Defendant") seeks to transfer this breach of insurance contract action to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). [ECF No. 5]. Storm Damage Solutions, LLC d/b/a Smart Tarp a/a/o Sterling Foods, Inc. ("Storm Damage" or "Plaintiff") did not file a response within the time provided by the Local Rules. Instead, Plaintiff filed a Motion to Assert Objection to Transfer to Improper Venue. [ECF No. 8]. Defendant filed an optional reply. [ECF No. 9].

Senior United States District Judge Robert N. Scola Jr. referred the motion to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A),

Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 7].[1]

For the reasons discussed below, the Undersigned **grants** Defendant's Motion to Transfer under 28 U.S.C. § 1404(a).

I.  **Background**

Non-party Sterling Foods, Inc. ("Sterling Foods") is the named insured under a property insurance policy ("Policy"). [ECF No. 1, ¶ 8].[2] Sterling Foods' property, located

---

[1]   Judge Scola's referral Order specifically requires the Undersigned's ruling to be consistent with 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules, both of which apply to non-dispositive motions. This, in turn, means that the Undersigned needs to issue an Order, rather than a Report and Recommendations (which would be for dispositive matters).

[2]   The Complaint alleges that RLI issued the Policy. [ECF No. 1-2, ¶ 6 ("At all times material hereto, and in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowner's insurance policy **issued by [ ] Defendant** with a Policy Number ending in -0532." (emphasis added))]. Defendant maintains that the Policy was issued by Mt. Hawley Insurance Company ("Mt. Hawley") and that Plaintiff sued the wrong entity:

> RLI . . . is an incorrectly named and improperly sued Defendant. RLI is Mt. Hawley Insurance Company's parent company. Mt. Hawley is the entity that underwrote and issued the subject Policy and is the proper Defendant to be named in this case. It is anticipated that Mt. Hawley will be substituted into this case by stipulation of the Parties in [sic] future.

[ECF No. 1, p. 1 n.1]. Defendant notes that "Mt. Hawley is [ ] incorporated in the State of Illinois with its principal place of business in Illinois. Therefore, when Mt. Hawley is substituted for RLI as the properly named defendant, diversity jurisdiction will continue to exist." *Id.* at 3, n.2. To date, Plaintiff has not sought to substitute Mt. Hawley as Defendant.

at 13100 NW 38th Avenue, Opa Locka, FL 33054 ("Property"), allegedly sustained a covered loss as a result of Tropical Storm Eta. *Id.*

On June 17, 2022, Sterling Foods assigned its insurance benefits to Plaintiff. [ECF No. 1-2, pp. 5–8]. Defendant denied the claim. On August 22, 2023, Plaintiff commenced the instant action by filing a one-count Complaint for breach of contract in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-2].

RLI removed the action to the United States District Court for the Southern District of Florida based on diversity jurisdiction. [ECF No. 1]. Defendant now seeks to enforce the forum selection clause in the Policy and transfer the case to the Southern District of New York.

## II.     Plaintiff's Failure to File a Timely Response

At the outset, the Undersigned will address Plaintiff's failure to timely respond to the instant motion. Defendant's motion [ECF No. 5] was filed on October 4, 2023. Under the Local Rules, Plaintiff's response was due by October 18, 2023. S.D. Fla. L.R. 7.1(c)(1). Six days later, on October 24, 2023, Plaintiff filed Plaintiff's Motion to Assert Objection to Transfer to Improper Venue. [ECF No. 8]. In substance, Plaintiff's "motion" is actually a belated response to Defendant's Motion to Transfer Venue [ECF No. 5] because it cites to Defendant's motion and addresses the arguments raised in it.

Notwithstanding Plaintiff's failure to timely file a response, Defendant filed a reply. [ECF No. 9]. In its reply, Defendant asks the Court to "disregard and/or strike Plaintiff's [r]esponse because it is untimely and disregards the mandates of Local Rule 7.1(c)(1)." *Id.* at 2. But Federal Rule of Civil Procedure 7(b) states that a request for a court order must be made by **motion**.

Courts typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17-CV-187-OC-34PRL, 2017 WL 9938032, at *1 (M.D. Fla. July 20, 2017) ("[A] request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion.").[3]

---

[3]   *See also Est. of Diamond by Diamond v. ITM TwentyFirst Servs., LLC*, No. 21-80339-CV, 2021 WL 7630484, at *1, n.1 (S.D. Fla. June 17, 2021) ("not[ing] that [party]'s [c]ross-[m]otion raised in the context of its [r]esponse [was] procedurally improper, as '[a] request for a court order must be made by motion,' not in a response memorandum to an opposing party's motion" (quoting Fed. R. Civ. P. 7(b)(1)); *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2011 WL 690174, at *1, n.1 (S.D. Fla. Feb. 18, 2011) ("[The] [p]laintiff filed his [m]otion to [s]trike as part of his [r]esponse in [o]pposition to [the] [d]efendant's [m]otion for [s]anctions; thereafter, the Clerk re-docketed the [m]otion as a separate docket entry. In the future, [the] [p]laintiff shall not move the Court for affirmative relief in a response memorandum." (record citations omitted)).

4

Additionally, Defendant's reply, to the extent it is also a motion, fails to comply with Local Rule 7.1(a)(3)'s pre-filing conference and certification. "Compliance with Local Rule 7.1(a)(3) is mandatory and serves an important purpose." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018). "The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014).

Had Defendant filed a motion to strike Plaintiff's Motion to Assert Objection to Transfer to Improper Venue [ECF No. 8], the Undersigned may have been inclined to grant that relief. [There may have also been grounds to grant the motion for transfer by default. Under the Local Rules, the failure to file a timely response is grounds for granting a motion by default. S.D. Fla. L.R. 7.1(c)(1).]. But because Defendant filed a reply brief seeking both new relief (the striking of Plaintiff's filing) and addressing, in substance, the arguments raised by Plaintiff, the Court will exercise its discretion and construe Plaintiff's motion as a late response. *See Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.*, 533 F. App'x 912, 922 n.35 (11th Cir. 2013) (observing that a district court has discretion to waive or excuse noncompliance with its local rules).

Notably, in *Storm Damage Sols., LLC v. Mt. Hawley Ins. Co.*, a case involving the same attorney and law firm representing Plaintiff here, the plaintiff filed a late response

5

to a motion to transfer venue. The court considered the late response, in part, because the defendant filed a reply:

> Plaintiff Storm Damage Solutions, LLC d/b/a Smart Tarp (Storm Damage Solutions) did not timely respond to the motion. Because Defendant Mt. Hawley Insurance Company (Mt. Hawley) filed a reply, however, and given the Court's ruling, the Court declines to disregard or strike Storm Damage Solutions' response, as Mt. Hawley requested.

No. 3:21CV1943-MCR-HTC, 2022 WL 2173075, at *1, n.1 (N.D. Fla. May 9, 2022).

For all these reasons, the Undersigned will not strike Plaintiff's Motion to Assert Objection to Transfer to Improper Venue [ECF No. 8], but I will, instead, construe it as a late response to the transfer motion, and I will consider the arguments raised in it.

### III. Applicable Legal Standard

A district court "may transfer any civil action to any other district or division where it might have been brought" if the transfer would make the litigation more convenient or would otherwise serve the interests of justice. 28 U.S.C. § 1404(a); *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989).

Ordinarily, in determining whether transfer is appropriate under § 1404(a), a court embarks on a "two-prong inquiry." *Rothschild Digital Media Innovations, LLC v. Sony Comput. Entm't Am. LLC*, Case No. 14-CIV-22134, 2014 WL 12029271, at *2 (S.D. Fla. Aug. 28, 2014). First, the court must find that "the new venue must be one in which the action could originally have been brought by the plaintiff[ ]." *Id.* (citing 28 U.S.C. § 1404(a)). Second, it "conduct[s] a balancing test, weighing several private and public interest

factors to determine if transfer is justified." *Id.* (citing *Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008); *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)).[4]

The existence of a mandatory forum selection clause, however, changes the analysis:

> The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis. [*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013)]. That adjustment, in relevant part, requires courts to disregard plaintiff's choice of forum and s**hift the burden to plaintiff to establish that transfer to the forum for which the parties bargained is unwarranted**. *See id.* It also requires courts to ignore arguments about the parties' private interests and consider only arguments about the public interest factors. *Id.* **The result is that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."** *Id.* (citing [*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)] (Kennedy, J., concurring)). This is because "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.*

---

[4] Courts consider nine factors when assessing whether transfer would serve the interests of justice:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

*N. Am. Elite Ins. Co. v. Stewart & Stevenson FDDA LLC*, No. 22-CV-21705-RAR, 2023 WL 3863993, at *2 (S.D. Fla. June 7, 2023) (emphasis added).

### IV. Analysis

Defendant seeks to enforce the Policy's forum selection clause, which states:

**LEGAL ACTION CONDITIONS ENDORSEMENT**

This endorsement adds the following to LEGAL ACTION AGAINST US elsewhere in the policy:

> All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. **Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

[ECF No. 5-1, p. 106 (emphasis added; capitalization in original)].

RLI contends that "[b]y filing suit in Florida, Plaintiff violated the Policy's mandatory forum selection clause requiring that any litigation commenced by any beneficiary to the Policy be initiated in New York." [ECF No. 5, p. 2]. In support of its motion, RLI cites other decisions where this Court has enforced similar mandatory forum

8

selection clauses in Mt. Hawley policies. *Id.* at 2–3 (citing *New Hope Missionary Baptist Church v. Mt. Hawley Ins. Co.*, No. 0:21-cv-61335-AHS, ECF No. 11 (S.D. Fla. Sept. 21, 2021); *Gregorio Pinto v. Mt. Hawley Ins. Co.*, Case No. 1:22-cv-20089-GAYLES/TORRES, ECF No. 11 (S.D. Fla. Mar. 15, 2022); *Doral City Invs., Inc. v. Mt. Hawley Ins. Co.*, Case No. 1:21-cv-24484-GAYLES, ECF No. 15 (S.D. Fla. Apr. 6, 2022)).[5]

Plaintiff argues that the Policy's forum selection clause does not apply to it because it is not a beneficiary under the Policy and is instead "an '[a]ssignee' pursuant to an Assignment of Benefits Agreement it entered with the underlying insureds [sic]." [ECF No. 8, pp. 3–4].

This argument was rejected by the court in *Storm Damage Sols., LLC*, a case involving the *same* assignee Plaintiff and a nearly-identical forum selection clause.[6] The

---

[5] RLI also cites decisions from the Middle and Northern Districts of Florida, the Northern District of Texas, and the Fifth Circuit (on a writ of mandamus) enforcing similar mandatory forum selection clauses in Mt. Hawley insurance policies. [ECF No. 5, pp. 3–4].

[6] The forum selection clause in *Storm Damage Sols., LLC*, is nearly-identical to the forum selection clause in the instant case and merely inverses the two substantive paragraphs and labels them "AA. Jurisdiction and Venue" and "BB. Choice of Law":

> SERVICE OF SUIT AND COMMERCIAL PROPERTY CONDITIONS ENDORSEMENT
>
> This Policy is amended to add the following additional Commercial Property Conditions:
>
> AA. Jurisdiction and Venue. It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named

*Storm Damage Sols., LLC* Court noted that an assignee stands in the shoes of the assignor (i.e., the insured) and, for this reason, the forum selection clause applied to the assignee:

> **As a threshold matter, as assignee, Storm Damage Solutions "stands in the shoes of the assignor."** *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1288–89 (M.D. Fla. 2009) (citing *Price v. RLI Ins. Co.*, 914 So. 2d 1010, 1013–14 (Fla. 5th DCA 2005)). Indeed, "'[a]n assignment of an insurance policy places the assignee in the same status with respect to all rights and liabilities under it which the insured occupied before the transfer; the assignee is effectively substituted as the insured.'" *Id.* at 1288–89 (quoting *AXA Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1349, 1356 (S.D. Fla. 2009)). **As such, Storm Damage Solutions is subject to the forum selection and choice of law provisions in the Policy**.

2022 WL 2173075, at *2 (emphasis added). The Undersigned finds that the instant forum selection clause applies to Plaintiff for the same reasons articulated by the *Storm Damage Sols., LLC* Court.

---

> Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. **Any litigation commenced by any [n]amed [i]nsured, any additional insured, or any beneficiary hereunder against the [c]ompany shall be initiated in New York**. Nothing in this clause constitutes or should be understood to constitute a waiver of the [c]ompany's right to remove an action to a United States District Court.
>
> BB. Choice of Law. All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this [p]olicy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)

2022 WL 2173075, at *1 (emphasis added). In all material respects, the two forum selection clauses are identical.

Plaintiff further contends that the forum selection clause is ambiguous because the term "beneficiary hereunder" is not defined. [ECF No. 8, pp. 6–8]. It argues that "it is entirely unreasonable to summarily equate 'beneficiary hereunder' with 'Assignee,' especially in the absence of any definition or express indication within the document." *Id.* at 7.

At the outset, the Court disagrees with Plaintiff that the forum selection clause is ambiguous. In any event, "[u]ndefined terms in a contract are typically read according to their ordinary meaning." *SFR Servs. LLC v. Geovera Speciality Ins. Co.*, No. 2:19-CV-466-JLB-MRM, 2021 WL 1909669, at *3 (M.D. Fla. May 12, 2021)). As Defendant points out, Black's Law Dictionary defines "beneficiary" as "[s]omeone who is designated to receive the advantages from an action or change; esp., one designated to benefit from an appointment, disposition, or **assignment** (as in a will, **insurance policy**, etc.), or to receive something as a result of a legal arrangement or instrument[.]" Black's Law Dictionary (11th ed. 2019) (emphasis supplied). Therefore, Plaintiff (as the beneficiary of an assignment of benefits) falls squarely within the Policy's forum selection clause.

Plaintiff also argues that the forum selection clause is permissive and not mandatory and that Defendant itself chose the Southern District of Florida as the venue for this lawsuit when it removed the case to federal court. [ECF No. 8, p. 9].

First, the plain language of the forum selection clause makes clear that it is a *mandatory* provision: "Any litigation commenced by any Named Insured, any additional

insured, or any beneficiary hereunder against the Company **shall be initiated in New York**." [ECF No. 5-1, p. 106 (emphasis added)]. "One hallmark of a mandatory clause is the use of the imperative term 'shall,' which prescribes a 'requirement.'" *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) (citing *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011)); *see also La Teresita, Inc. v. Mt. Hawley Ins. Co.*, No. 8:22-CV-1046-CEH-SPF, 2022 WL 1805139, at *2 (M.D. Fla. June 2, 2022) (addressing similar Mt. Hawley insurance policy and noting that "[u]se of the term 'shall' in the forum selection clause should be interpreted to mandate venue." (citing *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.")).[7]

---

[7] *See also New Hope Missionary Baptist Church v. Mt. Hawley Ins. Co.*, No. 0:21-cv-61335-AHS, ECF No. 11, p. 4 (interpreting nearly-identical Mt. Hawley insurance policy and concluding that forum selection clause which stated "**[a]ny litigation** commenced by any [n]amed [i]nsured, any additional insured, or any beneficiary hereunder against the [c]ompany **shall be initiated in New York**" was mandatory "[b]ased on a plain reading of the forum-selection clause" (emphasis in original)); *7Group, LLC v. Mt. Hawley Ins. Co.*, No. 2:23-CV-432-JLB-KCD, 2023 WL 4405473, at *1 (M.D. Fla. July 7, 2023) (noting that "[o]ther judges in the Middle District of Florida (along with federal courts across the country) have enforced similar New York forum selection clauses contained in Mt. Hawley's insurance policies, concluding they are both mandatory and enforceable." (citing *Murray Hill Presbyterian Church v. Mt. Hawley Ins. Co.*, No. 3:21-CV-1077-HES-JBT, 2022 WL 18674594, at *2 (M.D. Fla. May 12, 2022); [*La Teresita, Inc.*, 2022 WL 1805139, at *2]; *Oasis Beauty Supply, Inc. v. Mt. Hawley Ins. Co.*, No. 3:22-cv-6029-MCR-ZCB, DE 10 (N.D. Fla. June 6, 2022)); *Summerwind West Condo. Owners Assoc., Inc. v. Mt. Hawley Ins. Co. and Syndicate 1458 at Lloyd's of London*, Case No. 3:21cv1040-MCR-EMT, ECF No. 18, p. 4 n.2 (Apr. 12, 2022) (examining similar Mt. Hawley insurance policy and stating "[c]onsidering the clause states that [the] [p]laintiff '*shall* submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and *shall* comply with all the requirements necessary to give such court jurisdiction,' and that '[a]ny litigation

Second, Plaintiff has not cited to any rule or legal authority which prohibits a removing defendant from later filing a motion to transfer venue.[8] Notably, this was the same procedural posture of *Storm Damage Sols., LLC*, where the instant Plaintiff (represented by the same law firm and attorney) "filed suit in the First Judicial Circuit Court in and for Escambia County, Florida," the defendant "removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction," and the court subsequently transferred the action to the Southern District of New York. 2022 WL 2173075, *1, *4. Thus, the Court is not persuaded by Plaintiff's unsupported argument that because Defendant removed this action to the Southern District of Florida, it is barred from seeking to transfer the matter to the Southern District of New York.

Nor does the Court find that Defendant's actions in this case constituted a waiver. *See Murray Hill Presbyterian Church*, 2022 WL 18674594, at *2 (finding, under a totality of the circumstances, that the defendant had not "waived its right to contest venue by actively participating in this litigation" where it "respond[ed] to initial state-court

---

commenced by any [n]amed [i]nsured . . . against the [c]ompany *shall* be initiated in New York,' the clause is mandatory, not permissive as [p]laintiff contends." (emphasis in original)).

[8]   To properly raise an argument, a litigant must support the argument with factual and legal authority. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

discovery requests (served with [the] [p]laintiff's state-court complaint) and propound[ed] limited discovery requests to determine if federal diversity jurisdiction existed" but "[o]nce removed, . . . [the] [d]efendants [sic] first motion was the motion to transfer venue"). Here, the state court docket reflects only two activities by Defendant, a motion for extension of time and a notice of removal. *See* Case No. 2023-021733-CA-01, available at https://www2.miamidadeclerk.gov/ocs/Search.aspx (last visited Nov. 16, 2023).[9]

The federal docket shows that Defendant filed its motion to transfer [ECF No. 5] before filing its answer [ECF No. 6]. And, as Defendant points out, its first affirmative defense cites the forum selection clause and asserts that "Plaintiff improperly filed this lawsuit in Florida state court." [ECF No. 6, pp. 7–8]. In any event, Plaintiff has not shown that Defendant has acted in a manner inconsistent with its rights under the Policy's forum selection clause.

Next, Plaintiff argues that even if applicable, "the forum selection clause should not be enforced because neither [p]arty has any connection with the State of New York." [ECF No. 8, p. 4]. But "[a] lack of connection with a venue specified in a forum selection

---

9       The Court takes judicial notice of the state court docket. *See Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) ("Courts typically take judicial notice of record documents from other judicial proceedings."); *Allen v. Geico Gen. Ins. Co.*, No. 23-21901-CIV, 2023 WL 5702163, at *1, n.1 (S.D. Fla. Aug. 23, 2023) ("The Court may take judicial notice of the state court docket and filings in the state action located on the Miami-Dade County Clerk of the Court's website.").

14

clause does not automatically render that venue unreasonable." *Counter Active, Inc. v. Tacom, L.P.*, No. 807CV00338T17MSS, 2007 WL 9723866, at *3 (M.D. Fla. June 25, 2007); *see also Storm Damage Sols., LLC*, 2022 WL 2173075, at *2 (granting motion to transfer notwithstanding argument "that venue would be improper in New York because neither party ha[d] any connection to the State of New York").

Plaintiff also argues that the instant action could not have been brought in New York. [ECF No. 8, p. 12 ("Defendant fails to satisfy the two-pronged analysis applicable to a § 1404(a) transfer at the first prong—Defendant cannot demonstrate that the alternative venue is one in which the action 'could have been originally brought' by the Plaintiff")]. Plaintiff again ignores the fact that, as an assignee, it stands in the shoes of the insured. The insured agreed to the terms of the Policy, including the forum selection clause, which states, in part that:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder **shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction**.

[ECF No. 5-1, p. 106 (emphasis added)]. Therefore, the New York court would have jurisdiction over Plaintiff (the same way it would have jurisdiction over the insured) and the instant action could have been brought in New York.

Plaintiff also asserts that "Congress has not authorized the Southern District of New York to exercise personal jurisdiction over Plaintiff, a Florida resident, and therefore

15

pursuant to § 1391 the venue is improper." [ECF No. 8, p. 15]. This argument fails because "[p]arties can consent to personal jurisdiction through forum[ ]selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964)). Here, the insured agreed to "submit to the jurisdiction of a court of competent jurisdiction in the State of New York" [ECF No. 5-1, p. 106], when it agreed to the terms of the Policy.

Because Plaintiff stands in the shoes of the insured, the Policy's terms and conditions (including the forum selection clause and its consent to the jurisdiction of the New York courts) apply to Plaintiff, as the assignee. *See Jeffrey's Auto Body, Inc. v. State Farm Gen. Ins. Co.*, No. 5:12-CV-635 MAD/DEP, 2013 WL 718336, at *5 (N.D.N.Y. Feb. 27, 2013) ("As the assignee, [the] [p]laintiff stands in the shoes of the [f]irst [p]arty [a]ssignor and has the same rights as the insured under the policies."); *NCI, LLC v. Progressive Select Ins. Co.*, 350 So. 3d 801, 809 (Fla. 5th DCA 2022) ("As assignee, NCI was certainly aware of the policy's nature—and the litigation rights it was forfeiting—when it stepped into the insured's shoes. ").

Lastly, Plaintiff argues that "Defendant has otherwise failed to satisfy the factors courts consider in evaluating whether a transfer will be 'for the convenience of the parties or witnesses' or 'in the interest of justice.'" [ECF No. 8, p. 4]. But, as noted above, the Supreme Court has stated that "because the overarching consideration under § 1404(a) is

whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co.*, 571 U.S. 49, 63 (citing *Steward*, 487 U.S. at 33)).

Plaintiff has not made a showing that this is an exceptional case. Moreover, "[o]ne of the three public interest factors—familiarity of the forum with the law that will govern the case—weighs in favor of transfer considering the Policy provides that New York law will govern any disputes arising under the contract." *Storm Damage Sols.*, LLC, 2022 WL 2173075, at *4.

## V. Conclusion

In sum, the Policy's valid and enforceable forum selection clause applies to Plaintiff, as assignee of the insured. Transfer of this action to the Southern District of New York is warranted under § 1404(a) for the reasons stated in this Order. Accordingly, the Undersigned **grants** Defendant's Motion to Transfer Venue [ECF No. 5]. The Clerk of the Court is directed to **transfer** this case to the United States District Court for the Southern District of New York and **close** the file.

**DONE AND ORDERED** in Chambers, Miami, Florida, on November 17, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record